**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | **No. 13-20020-01-KHV** |
| | ) | |
| RANDY HUFFSTUTLER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On May 8, 2013, the Court sentenced defendant to 240 months in prison based on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. On June 16, 2015, the Court overruled defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).[1] The United States Supreme Court recently held that defendants who plead guilty under Rule 11(c)(1)(C) may seek relief under Section 3582(c)(2) "to the extent the prisoner's Guideline range was a relevant part of the framework the judge used to accept the plea agreement or determine the sentence." Hughes v. United States, 138 S. Ct. 1765, 1778 (June 4, 2018). After Hughes, Kirk Redmond, an Assistant Federal Public Defender, negotiated with government counsel on potential relief under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).[2] The parties have submitted an agreed order on AO Form 247. The parties propose a reduction of

---

[1]     Because the plea agreement called for a specific sentence and did not use or employ a guideline sentencing range, the Court overruled defendant's motion. See Memorandum And Order (Doc. #22) at 1 (citing United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013)).

[2]     The Honorable J. Thomas Marten of the District of Kansas appointed the Office of the Federal Public Defender to represent any defendant previously determined to have been entitled to appointment of counsel or who is now indigent to determine whether that defendant may qualify for relief under Amendment 782.

defendant's term of imprisonment from 240 months to 201 months.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors found in Section 3553(a). United States v. C.D., 848 F.3d 1286, 1289-90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional. Id. at 1289.

The parties have submitted an agreed order which does not address the above issues. So the Court can properly consider the joint request for relief, the parties shall file memoranda which explain how defendant is eligible for relief under Section 3582(c)(2) and why relief is appropriate in light of the sentencing factors in Section 3553(a). In addition, the memoranda shall address (1) the factors that the Court relied on in accepting the recommended sentence in the Rule 11(c)(1)(C) agreement, (2) how defendant's guideline range impacted the Court's decision to accept the Rule 11(c)(1)(C) agreement, (3) any public safety considerations and (4) defendant's post-sentencing conduct. See Hughes, 138 S. Ct. at 1778 (if district court would have imposed same

sentence even if defendant had been subject to lower range, court has discretion to deny relief); United States v. Osborn, 679 F.3d 1193, 1195 (10th Cir. 2012) (in addition to Section 3553(a) factors, court may consider post-sentencing conduct); U.S.S.G. § 1B1.10 cmt. n.1(B)(ii) (public safety considerations); U.S.S.G. § 1B1.10 cmt. n.1(B)(iii) (post-sentencing conduct). The parties also shall explain their request for a sentence of 201 months. Assuming that defendant is eligible for relief, it appears that the low end of the amended guideline range (151 to 188 months) would result in a revised sentence of 211 months (151 months on Count 1 and a consecutive sentence of 60 months on Count 2).

**IT IS THEREFORE ORDERED that on or before July 25, 2018, defendant shall file a memorandum in support of his request for relief which addresses the above issues. On or before August 6, 2018, the government shall file a response.**

**The Clerk is directed to forward a copy of this order to the Office of the Federal Public Defender.**

Dated this 13th day of July, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge