**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 13-20020-01-KHV |
| | ) | |
| RANDY HUFFSTUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On May 8, 2013, the Court sentenced defendant to 240 months in prison based on a binding plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. Judgment In A Criminal Case (Doc. #19). On June 16, 2015, the Court overruled defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Order (Doc. #22). The United States Supreme Court recently held that a defendant who pleads guilty under Rule 11(c)(1)(C) is eligible for relief under Section 3582(c)(2) if the Guidelines range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." Hughes v. United States, 138 S. Ct. 1765, 1775 (June 4, 2018); see id. at 1778 (in "usual case," court acceptance of Rule 11(c)(1)(C) agreement and sentence imposed pursuant to agreement are "based on" defendant's Guidelines range). The parties originally submitted an agreed order on AO Form 247 and requested a reduced sentence. At the Court's direction, defendant has filed a brief related to the parties' request, see Memorandum Explaining Sentence Reduction (Doc. #30) filed September 26, 2018, which the government has not opposed. For reasons stated below, the Court reduces defendant's sentence to 211 months.

A federal district court may modify a defendant's sentence only where Congress has

expressly authorized it to do so.  See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c).  To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show he was sentenced based on a Guidelines range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements; and (3) defendant must convince the district court to grant relief in light of the sentencing factors found in Section 3553(a).  United States v. C.D., 848 F.3d 1286, 1289-90 (10th Cir. 2017).  Under Tenth Circuit precedent, the first hurdle is jurisdictional.  Id. at 1289.

## I. Defendant Is Eligible For Relief Under 18 U.S.C. § 3582(c)(2)

Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.") lowered the base offense levels for certain quantities in the Drug Quantity Table at U.S.S.G. § 2D1.1.  The Court originally found that defendant was not eligible for relief under Section 3582(c)(2) because his sentence was based on a binding plea agreement under Rule 11(c)(1)(C), not his Guidelines range. See Order (Doc. #22) at 1 (citing United States v. Graham, 704 F.3d 1275, 1278 (10th Cir. 2013)). In Hughes, the Supreme Court abrogated Graham and clarified that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement falls under the general rule that a defendant's Guidelines range is "both the starting point and a basis for his ultimate sentence."  Hughes, 138 S. Ct. at 1776. Absent "clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines," a defendant who pleads guilty under

Rule 11(c)(1)(C) is eligible for relief under Section 3582(c)(2).  Id.

Here, the record reflects that defendant's ultimate sentence was based in part on his Guidelines range.  See Hughes, 138 S. Ct. at 1775 (sentence pursuant to Rule 11(c)(1)(C) agreement "based on" Guidelines range if range was part of framework court relied on in imposing sentence or accepting agreement).  Accordingly, under Hughes and Amendment 782, defendant is eligible for relief under Section 3582(c)(2).

## II.   A Sentence Reduction Is Warranted

The Court may reduce defendant's term of imprisonment, after considering any applicable factors set forth in Section 3553(a), if such a reduction is warranted in whole or in part under the circumstances of the case and is consistent with applicable Sentencing Commission policy statements.  18 U.S.C. § 3582(c)(2); Dillon v. United States, 560 U.S. 817, 827 (2010); see U.S.S.G. § 1B1.10.  Among other factors, the Court must consider the nature, seriousness and circumstances of the offense, defendant's history and characteristics, the need to protect the public from further crimes by defendant and any threat to public safety.  United States v. Osborn, 679 F.3d 1193, 1195-96 (10th Cir. 2012); U.S.S.G. § 1B1.10 cmt. app. n.1(B)(ii).  The Court may also consider post-sentencing conduct.  See Osborn, 679 F.3d at 1195; U.S.S.G. § 1B1.10 cmt. app. n.1(B)(iii).  Finally, in the context of Rule 11(c)(1)(C) agreements, the Court may consider the benefits which defendant gained under the agreement, "for the statute permits but does not require the court to reduce a sentence."  Hughes, 138 S. Ct. at 1777 (quoting Freeman v. United States, 564 U.S. 522, 532 (2011)).

On Count 1, defendant originally had a total offense level of 33 with a criminal history category IV for a Guidelines range of 188 to 235 months.  See Presentence Investigation Report (Doc. #17) ¶ 118.  Under Amendment 782, defendant's amended Guidelines range is 151 to

188 months (offense level 31, criminal history category IV). On Count 2, defendant remains subject to a sentence of 60 months with that term to be served consecutive to the term on Count 1. See id., ¶ 119 (Guidelines term of incarceration on Count 2 is statutory minimum of 60 months, consecutive to Count 1). Accordingly, under Amendment 782, the Court cannot impose an amended sentence below 211 months (low end of Guidelines range on Count 1 plus mandatory consecutive sentence of 60 months on Count 2). The parties agree that an amended sentence of 211 months is appropriate.

The Court has considered the nature, seriousness and circumstances of the offense, defendant's history and characteristics, the need to protect the public from further crimes by defendant, any threat to public safety and defendant's post-sentencing conduct. After balancing these factors and considering defendant's Memorandum Explaining Sentence Reduction (Doc. #30), the Court finds that a sentence of 211 months in prison is sufficient but not greater than necessary to meet all of the objectives of federal sentencing law. The Court therefore reduces defendant's sentence to 211 months.

**IT IS THEREFORE ORDERED that pursuant to 18 U.S.C. § 3582(c)(2), defendant's sentence is reduced to a total of 211 months in prison (151 months on Count 1 and 60 months on Count 2, to be served consecutively). Except as provided above, all terms and conditions of the original Judgment In A Criminal Case (Doc. #19) filed May 14, 2013 shall remain in effect.**

Dated this 5th day of November, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge